UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YAKOV PISMAN, | ) |
|               Petitioner, | ) |
| vs. | ) Case No. 4:19CV307 RLW |
| UNITED STATES OF AMERICA, | ) |
|               Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Yakov Pisman's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed February 25, 2019. (ECF No. 1).

**BACKGROUND**

On February 22, 2018, Petitioner Yakov Pisman ("Pisman") pleaded guilty to a Superseding Criminal Information charging him with 1) conspiracy to a) knowingly transport, receive, possess, sell, distribute and purchase in excess of 10,000 contraband cigarettes; b) engage in financial transactions knowing that the property involved in said offenses was the proceeds was unlawful activity, and c) engage in financial transactions knowing that the properly involved in said offenses was the proceeds of unlawful activity, and that the transactions were designed to conceal and disguise the nature, location, source of ownership and control of the proceeds in violation of Title 18 United States Code, Sections 2342(a), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 371, and 2) travelling in interstate commerce between New York and Missouri with the intent to promote and carry on an unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3).  (Case Number 4:16-CR-66-RLW).  The sentence

imposed on each of Counts One and Two was 87 months imprisonment, which exceeded the statutory maximum sentence of 60 months.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(internal citations omitted). To warrant relief under §2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428-29 (1962).

## DISCUSSION

In his §2255 Petition, Pisman asks the Court to Vacate, Set Aside or Correct his sentence because the sentence of 87 months imprisonment on each of Counts One and Two exceeded the statutory maximum of 60 months imprisonment on each of Counts One and Two (Ground One) and that counsel was ineffective for failing to object to the sentenced (Ground Two). (ECF No. 1). In response, the Government requests the Court vacate the original sentence, correct Pisman's sentence, and enter a judgment imposing a sentence of 60 months imprisonment on Count One and 27 months on Count Two (with said sentences to run consecutively) and the original supervised release term. (ECF No. 3 at 4).

Here, the sentence imposed on each of Counts One and Two was 87 months imprisonment, which exceeded the statutory maximum sentence of 60 months. Under 28 U.S.C. §2255, the Court can "correct the sentence as may appear appropriate" when it discovers such a sentencing error. 28 U.S.C. 2255(b). The June 18, 2018 presentence report (4:16-CR-66-1;

ECF No. 850) determined that Pisman's advisory Guideline range was 87-108 months. (4:16-CR-66-1; ECF No. 850, para. 103).  As part of sentencing, the Government noted that the other two lead defendants, who had lesser tax loss and money laundering amount, received sentences of 60 months of imprisonment.  (4:16-CR-66-1; ECF No. 899 at 5).  Therefore, the Government argued that Pisman should be sentenced within the guideline range of 87-109 months to avoid unwarranted sentencing disparities under Title 18, United States Code, Section 3553(a).  (4:16-CR-66-1; ECF No. 899 at 5).

In order to achieve the sentencing goals identified by the Government and to comply with the statutory framework, the Court hereby vacates the prior Judgment and orders the Clerk to prepare and file a corrected Judgment. The corrected Judgment shall impose a sentence of 60 months of imprisonment on Count One and 27 months of imprisonment on Count Two, with said sentences to run consecutively.   The original supervised release term shall still apply.

Since the Court is merely correcting its prior sentence and the new sentence is not more onerous than the original sentence, the Court makes this correction on the papers and holds that Defendant's presence is not necessary.  *See United States v. Gruenberg*, 53 F.3d 214, 215, n.3 (8th Cir. 1995) (district court did not err in correcting defendant's sentence without his presence in court where the district court corrected an illegal concurrent sentence and ordered the corrected sentence to run consecutively to legal sentences on other counts, at least where "the net term of imprisonment originally imposed is not lengthened"); *Rust v. United States,* 725 F.2d 1153, 1154 (8th Cir.1984) (per curiam) (where correction did not make sentence more onerous, defendant's presence not required); *United States v. Erwin,* 277 F.3d 727, 731 (5th Cir.2001) (affirming district court's decision to modify prisoner's sentence without a resentencing because change did not make sentence more onerous); *Bergara v. United States*, No. 1:05CR00053, 2007 WL 1097859, at *2

(W.D. Va. Apr. 11, 2007) ("A resentencing hearing is not warranted, because the change to the sentence is a simple 'correction,' authorized under § 2255").

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Yakov Pisman's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **GRANTED**, in part.

**IT IS FURTHER ORDERED** that the Clerk shall prepare a corrected Judgment. The corrected Judgment shall impose a sentence of 60 months of imprisonment on Count One and 27 months of imprisonment on Count Two, with said sentences to run consecutively. The original supervised release term shall still apply.

**IT IS FURTHER ORDERED** that Petitioner Yakov Pisman's original sentence is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Disposition Hearing (ECF No. 4) is **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 7) is **DENIED** as moot.

Dated this 18th day of November, 2020.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE